IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 21, 2002

## STATE OF TENNESSEE v. EDWARD BUCK FRANKLIN

**Direct Appeal from the Criminal Court for Sumner County
Nos. 129-2000 & 155-2000    Jane Wheatcraft, Judge**

_____

**No. M2001-02303-CCA-R3-CD - Filed September 12, 2002**

_____

Defendant, Edward Buck Franklin, pled guilty to two counts of attempted rape and one count of aggravated burglary. He received a sentence of three years for each conviction, with two of the sentences to be served concurrently with each other but consecutive to the sentence for the third conviction, for an effective sentence of six years. After receiving credit for time previously served in jail, his sentences were suspended and he was placed on probation. Thereafter, three probation violation warrants were filed against him. Following a hearing on the third warrant, the trial court revoked Defendant's probation and ordered that he serve his sentence in the Department of Correction. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed.**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

David Allen Doyle, District Public Defender; and Thomas J. Smith, Assistant Public Defender, Gallatin, Tennessee, for the appellant, Edward Buck Franklin.

Paul G. Summers, Attorney General and Reporter; P. Robin Dixon, Jr., Assistant Attorney General; Lawrence Ray Whitley, District Attorney General; and Sallie Wade Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The record reveals that on or about June 3, 1999, Defendant unlawfully entered the home of the first victim of attempted rape. She was sleeping at the time. Defendant awoke her and told her that he "was going to have her." The victim, a martial arts expert, fended Defendant off, picked him up, and threw him out of her apartment. Later that same evening, Defendant was in the company of the second victim of attempted rape. Defendant tore off her dress while she begged him "not to do this." The second victim had a straight razor in her possession and nicked Defendant between his legs. While he was writhing in pain, she was able to escape.

Following his indictment by the Grand Jury of Sumner County, Defendant pled guilty on June 5, 2000, pursuant to a negotiated plea agreement as set forth above. On January 31, 2001, the third probation violation warrant was filed against Defendant. It is not clear from the record what led to the filing of the first two probation violation warrants. The third warrant alleged that he had violated a condition of his probation by moving into a residence where a minor child lived without the probation officer's permission and without a "chaperone agreement." In August 2001, an amendment to the third probation violation warrant was filed alleging that Defendant had moved without his probation officer's knowledge or permission in February 2001, had not reported to his probation officer since January 30, 2001, and had not paid any fees since his probation commenced.

At the evidentiary hearing for the probation violation warrant, as amended, the probation officer testified that (1) she had no proof that Defendant had paid any of his probation fees; (2) Defendant had absconded for several months; and (3) her investigation showed Defendant had moved into a home where a minor child resided, in violation of one of the conditions of his probation, and had admitted this to her. Defendant also testified at the hearing. He stated that he was forced to move from a half-way house in Hendersonville, where he had been residing, because he was wrongfully accused of using drugs. His excuse for not reporting back to his probation officer was that he was living in Shelbyville and "figured [the probation officer] would have a warrant signed on me." When questioned by the trial court, Defendant admitted that he left the area because he did not want to go to jail.

Based upon the proof presented, the trial court found Defendant to be in violation of conditions of his probation, revoked his probation, and ordered that he serve his sentence in the Department of Correction. On appeal, Defendant argues that the trial court failed to exercise "a conscientious and intelligent judgment" by finding him in violation of his probation by a preponderance of the evidence.

A trial court may revoke probation and order the imposition of the original sentence if it finds by a preponderance of the evidence that the person has violated a condition of probation. Tenn. Code Ann. §§ 40-35-310, 311 (1997). The decision to revoke probation rests within the sound discretion of the trial court. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Revocation of probation and a community corrections sentence is subject to an abuse of discretion standard of review, rather than a de novo standard. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Discretion is abused only if the record contains no substantial evidence to support the conclusion of the trial court that a violation of probation or community correction sentence has occurred. Id.; State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997). Proof of a violation need not be established beyond a reasonable doubt, and the evidence need only show that the trial judge exercised a conscientious and intelligent judgment, rather than acting arbitrarily. Gregory, 946 S.W.2d at 832; State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995).

After our review of the entire record, we conclude that there is substantial evidence to support the trial court's conclusion that a violation of probation occurred, and, therefore, the trial court did

not abuse its discretion in revoking probation and ordering Defendant to serve his sentence in the Department of Correction. Defendant is not entitled to relief in this appeal.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is AFFIRMED.

_____

THOMAS T. WOODALL, JUDGE